NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000093
30-JUN-2011
12:32 PM

NO. CAAP-11-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DANIEL K.K. AWAI, Plaintiff-Appellee, v.
SHAUNA MARIE AWAI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 06-1-2059)

ORDER GRANTING JUNE 16, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of (1) the June 16, 2011 motion by
Plaintiff-Appellee Daniel K.K. Awai (Appellee Daniel Awai) to
dismiss appellate court case number CAAP-11-0000093 for lack of
appellate jurisdiction, (2) the June 21, 2010 memorandum by
Defendant-Appellant Shauna Marie Awai (Appellant Shauna Awai) in
opposition to Appellee Daniel Awai's June 16, 2011 motion to
dismiss appellate court case number CAAP-11-0000093 for lack of
appellate jurisdiction, and (3) the record on appeal, it appears
that we lack jurisdiction over Appellant Shauna Awai's appeal

from the Honorable Paul T. Murakami's February 1, 2011 order requiring Appellant Shauna Awai to file a motion for permission to leave the jurisdiction (the February 1, 2011 order), because the February 1, 2011 order is not an appealable final order, as Hawaii Revised Statutes (HRS) § 571-54 (2006) requires.

"An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54 (2006). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2010). "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id.

The February 1, 2011 order is one of several orders that the family court has entered during the ongoing proceedings for adjudicating Appellee Daniel Awai's April 1, 2010 motion for

post-decree relief regarding child custody. In post-judgment proceedings where the separate judgment document rule does not apply, and

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). The February 1, 2011 order did not end the proceedings for Appellee Daniel Awai's April 1, 2010 motion for post-decree relief, and, in fact, the family court is still holding proceedings for the final adjudication of Daniel's April 1, 2010 motion for post-decree relief. Therefore, the family court has not yet entered the last post-decree order in the series of post-decree orders that will eventually resolve the outstanding issues and give finality and appealability to all. Accordingly, the February 1, 2011 order is not an appealable final post-judgment order pursuant to HRS § 571-54.

Although exceptions providing jurisdiction exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the February 1, 2011 order does not satisfy the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i

319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Appellant Shauna Awai opposes the motion to dismiss and argues that the February 1, 2011 order is a collateral order because the family court has allegedly threatened that, if the children are not present at the hearing, Appellant would be in default and custody would be awarded to Appellee Daniel Awai. Nothing in the February 1, 2011 order, however, requires the children to be at any hearing. Therefore, the February 1, 2011 order is not an appealable order. Absent an appealable post-decree order, Appellant Shauna Awai's appeal is premature, and we lack appellate jurisdiction over this appellate case. Accordingly,

IT IS HEREBY ORDERED that Appellee Daniel Awai's June 16, 2011 motion to dismiss Appeal No. CAAP-11-0000093 for lack of appellate jurisdiction is granted, and this appeal is dismissed.

DATED: Honolulu, Hawai'i, June 30, 2011.

Chief Judge

Associate Judge

Associate Judge